OPINION *Page 2 
{¶ 1} Appellant DeShan Baskerville appeals his conviction and sentence on one count of Criminal Damaging or Endangering entered in the Canton Municipal Court.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On July 27, 2007, while being held at the Stark County Jail on other charges, Appellant DeShan Baskerville damaged a sprinkler head in his jail cell. Appellant admitted to "popping" his towel in the direction of the window in his cell. (T. at 74).
 {¶ 4} On August 31, 2007, a criminal complaint was filed against Appellant for Criminal Damaging or Endangering.
 {¶ 5} On November 9, 2007, a jury trial commenced in this matter.
 {¶ 6} The State's case included testimony from Deputy Michael Casto, Deputy William White and Robert Garden, an inmate being held in the cell next to Appellant's cell. Appellant presented no evidence.
 {¶ 7} Following deliberations, the jury returned a verdict of guilty.
 {¶ 8} Appellant was sentenced immediately following the trial to ninety (90) days in the Stark County Jail.
 {¶ 9} Appellant timely filed a notice of appeal. Appellant assigns the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 10} "I. APPELLANT WAS DENIED HIS RIGHTS TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND *Page 3 FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10
AND 16 OF THE OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.
 {¶ 11} "II. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I. {¶ 12} In his first assignment of error, Appellant argues that he was deprived of the effective assistance of counsel. We disagree.
 {¶ 13} It is well-settled that in order to establish a claim of ineffective assistance of counsel, Appellant must show two components: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defense.State v. Kole (2001), 92 Ohio St.3d 303, 306, 750 N.E.2d 148,Strickland v. Washington (1984), 466 U .S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. To warrant reversal, Appellant must show that there is a reasonable probability that, but for counsel's performance, the result of the proceeding would have been different. Strickland,466 U.S. at 687.
 {¶ 14} In order to show that an attorney's conduct was deficient or unreasonable, Appellant must overcome the presumption that the attorney provided competent representation, and show that the attorney's actions were not trial strategies prompted by "reasonable professional judgment." Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 80 L.Ed.2d 674. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,1998-Ohio-343, 693 N.E.2d 267. Tactical or *Page 4 
strategic trial decisions, even if ultimately unsuccessful, do not generally constitute ineffective assistance. State v. Carter (1995),72 Ohio St.3d 545, 558, 651 N.E.2d 965. Instead, the errors complained of must amount to a substantial violation of defense counsel's essential duties to his client. State v. Bradley (1989), 42 Ohio St.3d 136, 141,538 N.E.2d 373.
 {¶ 15} In the instant case, Appellant specifically contends that his trial counsel was ineffective because he referred to Appellant's criminal record in his opening statement, arguing that such record would have been otherwise inadmissible.
 {¶ 16} In this situation, defense counsel's decision to address the fact that this crime occurred inside the Stark County Jail and explain Appellant's presence there, was a reasonable, tactical decision intended to lessen the impact of defendant's criminal past on the jury. State v.Peoples (1971), 28 Ohio App.2d 162, 168. It, therefore, cannot constitute ineffective assistance of counsel.
 {¶ 17} "A knowledgeable trial counsel in an attempt to diminish the impact of an accused's character on the jury when introduced by the prosecution, can preempt the prosecution by first introducing such a character trait. It is a trial tactic that we cannot consider unreasonable as a matter of law. An appellate court should not second guess a trial counsel's trial tactics based on the results of a trial since no one can precisely predict which tactics will succeed or fail in any particular case." State v. Delgado (June 11, 1992), 8th Dist. Nos. 60587, 60588
 {¶ 18} Upon review, we find Appellant has failed to meet his burden to establish ineffective assistance of counsel. Specifically, Appellant has failed to establish how *Page 5 
counsel's reference to his criminal history adversely affected Appellant's defense in light of the overwhelming evidence of a violation.
 {¶ 19} Appellant's first assignment of error is overruled.
 II. {¶ 20} In his second assignment of error, Appellant argues that the jury's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 21} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St.3d 387, citations deleted.
 {¶ 22} On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 678 N.E.2d 541, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1. *Page 6 
 {¶ 23} Appellant was charged with Criminal Damaging or Endangering, in violation of R.C. § 2909.06, which states in pertinent part:
 {¶ 24} "(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:
 {¶ 25} "(1) Knowingly, by any means;
 {¶ 26} "(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance."
 {¶ 27} Appellant argues that intent is an essential element of the offense and that the State failed to prove that he knowingly struck the sprinkler with his towel.
 {¶ 28} At trial, the State offered into evidence testimony that Appellant was the only person located in that cell on the day in question. (T. at 64, 73). Deputy White testified that Appellant, upon questioning, admitted he was snapping his towel in the direction of the window. (T. at 74). Testimony was presented as to location of the sprinkler being near the window, that the sprinklers do not randomly activate without someone intentionally damaging them, and that it is known by inmates that damaging the sprinkler will cause havoc for the deputies at the jail. (T. at 72). The State also presented evidence testimony that Appellant was agitated and making an excessive amount of noise from the time he was placed in the cell by himself. (T. at 64, 73). Additionally, physical evidence in the form of the damaged sprinkler head was offered into evidence by the State. (T. at 75-76).
 {¶ 29} A person acts purposely when he or she specifically intends to cause a certain result. R.C. § 2901.22(A). Because the intent of an accused dwells in his or her *Page 7 
mind and can never be proved by the direct testimony of a third person, it must be gathered from the surrounding facts and circumstances, and the General Assembly has provided that intent to kill may be proved by inference. State v. Treesh, 90 Ohio St.3d 460, 484-485, 2001-Ohio-4. See, also, In re Washington (1998), 81 Ohio St.3d 337, 340.
 {¶ 30} Furthermore, it is well settled that "a person is presumed to intend the natural, reasonable and probable consequences of his voluntary acts, and intent can be determined from the surrounding facts and circumstances." State v. Carter (1995), 72 Ohio St.3d 545, 554,1995-Ohio-104.
 {¶ 31} Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellant committed the crime of Criminal Damaging or Endangering.
 {¶ 32} Accordingly, Appellant's conviction is not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 {¶ 33} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is affirmed.
 Costs assessed to Appellant. *Page 1